UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| THE AD HOC COALITION OF AMERICAN SAP PRODUCERS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Court No. 23-cv-00010 |

## COMPLAINT

Plaintiff is The Ad Hoc Coalition of American SAP Producers, whose members include BASF Corporation, Evonik Superabsorber LLC, and Nippon Shokubai America Industries, Inc. Plaintiff brings this action to contest the final determination of the antidumping investigation issued by the International Trade Administration, United States Department of Commerce (the "Department"), entitled *Certain Superabsorbent Polymers from the Republic of Korea: Final Determination of Sales at Less Than Fair Value*, 87 Fed. Reg. 65035 (October 27, 2022) and accompanying Decision Memorandum (Oct. 20, 2022) (altogether, the "Contested Determination"). By and through counsel, Plaintiff alleges the following:

## JURISDICTION

1. Plaintiff brings this action pursuant to section 516A(a)(2)(A)(i)(II) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(II), to review certain aspects of the Contested Determination, which was issued pursuant to 19 U.S.C. § 1673d and is described in section 516A(a)(2)(B)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(B)(i).

2.     The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

**STANDING OF PLAINTIFF**

3.     Plaintiff is an ad hoc coalition of U.S. producers of the domestic like product and thus is an "interested party within the meaning of 19 U.S.C. § 1677(9)(E) and 19 U.S.C. § 1516a(f)(3). Plaintiff was the petitioner in the antidumping duty investigation that gave rise to the Contested Determination. Plaintiff, therefore, is an interested party who was party to the proceeding in connection with the Contested Determination within the meaning of 19 U.S.C. § 1516a(a)(2)(A).

4.     Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF THIS ACTION**

5.     The Department published the Contested Determination in the Federal Register on October 27, 2022. *Certain Superabsorbent Polymers from the Republic of Korea: Final Determination of Sales at Less Than Fair Value*, 87 Fed. Reg. 65035 (October 27, 2022).

6.     On December 20, 2022, the Department published an antidumping order based upon the Contested Determination. *Certain Superabsorbent Polymers From the Republic of Korea: Antidumping Duty Order,* 87 Fed. Reg. 77794 (Dep't Commerce Dec. 20, 2022).

7.     On January 19, 2023, Plaintiff initiated this action in accordance with sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i), by the filing of a summons within 30 days after publication in the Federal Register of the antidumping order based upon the Contested Determination.

8. Plaintiff files this Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

9. The Department initiated this antidumping investigation on November 30, 2021. *Certain Superabsorbent Polymers From the Republic of Korea: Initiation of Less-Than-Fair-Value Investigation*, 86 Fed. Reg. 67915 (Dep't Commerce November 30, 2021).  On December 21, 2021, the Department selected LG Chem, Ltd. ("LG Chem") as a mandatory respondent.

10. In its notice of initiation, the Department solicited comments and information from all parties regarding the appropriate physical characteristics of Superabsorbent Polymers ("SAP") that should be used to define control numbers ("CONNUMs") for reporting and product-comparison purposes in the dumping calculations. *Id*.  After considering comments and rebuttal comments from both LG Chem and the Petitioner, on January 21, 2022, Commerce finalized its model match hierarchy, which consisted of a single physical characteristic called Centrifuge Retention Capacity ("CRC").

11. In its questionnaire responses, LG Chem reported the CRC characteristic as defined by the Department, but the company also provided alternative sales and cost files in which CONNUMs were defined by other physical characteristics.  In particular, LG Chem reported alternative "CONNUM2s" based on a modified capacity characteristic (CRC1) and new permeability ("PERM") and absorbency under pressure (AUP) characteristics based on testing protocols chosen by LG Chem.  This alternative reporting was unsolicited, and the Department played no role in defining the CRC1, PERM, or AUP characteristics.  The Department did not verify the alternative cost and sales files put forward by LG Chem.

12. In the preliminary determination, Commerce calculated a dumping margin of 28.74 percent for LG Chem. *Certain Superabsorbent Polymers From the Republic of Korea: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 87 Fed. Reg. 34647 (June 7, 2022). The preliminary dumping calculations were based on the standard sales and cost files using the model match hierarchy finalized on January 21, 2022. Commerce ignored the unsolicited alternative sales and cost files submitted by LG Chem for purposes of the preliminary determination.

13. In the final determination, Commerce reversed its position and recalculated LG Chem's margin using the alternative sales and cost files based on the CRC1, PERM, and AUP characteristics. The final dumping margin for LG Chem declined to 17.64 percent. *Certain Superabsorbent Polymers from the Republic of Korea: Final Determination of Sales at Less Than Fair Value*, 87 Fed. Reg. 65035, 65036 (October 27, 2022). Following an affirmative final determination by the United States International Trade Commission, the Department published an antidumping order based upon the Contested Determination. *Certain Superabsorbent Polymers From the Republic of Korea: Antidumping Duty Order,* 87 Fed. Reg. 77794 (Dep't Commerce Dec. 20, 2022). This appeal ensued.

14. In this action, Plaintiff contests certain aspect of the antidumping duty margin calculations with respect to LG Chem.

## STATEMENT OF THE ISSUES

15. In the following respects and for other reasons apparent from the record of the proceeding, the Contested Determination is unsupported by substantial evidence on the record and is otherwise not in accordance with law. *See* U.S.C. § 1516a(b)(1)(B)(i).

## COUNT I
## MODEL MATCH PRODUCT CHARACTERISTICS

16. Paragraphs 1 through 15, above, are realleged and reincorporated herein.

17. The Department's decision to use, in the final determination, LG Chem's alternative sales and cost files based on the unsolicited CRC1, PERM, and AUP characteristics was unsupported by substantial evidence and was not in accordance with law. *See* Contested Determination at Appendix II, Comment 1. The record showed a lack of any material correlation between reported CRC1, PERM, and AUP characteristics and either prices or costs, and the Department's finding that those characteristics were "commercially significant" was unsupported by substantial evidence.

18. Even assuming the CRC1, PERM, and AUP characteristics were commercially significant, Commerce's wholesale replacement of the model match in a final determination contravened established practice and thus was not in accordance with law. Moreover, Commerce did not verify LG Chem's alternative sales and cost files based on the CONNUM2 definitions, and Commerce's use of such unverified information in the final determination is contrary to the statute and otherwise not in accordance with law. Finally, the CRC1, PERM, and AUP characteristics as defined by LG Chem were distortive and unusable, because the same SAP product could be classified into multiple categories at LG Chem's discretion based on its chosen testing protocol, creating a significant potential for manipulation. Commerce simply ignored this problem without addressing or attempting to ameliorate it, and in this respect also the Contested Determination was unsupported by substantial evidence and not in accordance with law.

19. The Department's decision to use LG Chem's alternative reporting also was arbitrary, capricious, and constituted an abuse of discretion.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

20. Paragraphs 1 - 19 are incorporated herein by reference.

21. For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

    (a) enter judgment in its favor;

    (b) declare that, with respect to the issue raised in this Complaint, the Contested Determination is unsupported by substantial evidence on the record and is otherwise not in accordance with law;

    (c) remand the matter to the Department for redetermination consistent with the Court's opinion; and

    (d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

February 17, 2023  
Date

*/s/ Stephen J. Orava*  
Stephen J. Orava  
Jamieson L. Greer  
Daniel L. Schneiderman  

King & Spalding LLP  
1700 Pennsylvania Avenue, NW  
Washington, DC 20006-4706  
(202) 737-0500  

Counsel for Plaintiff

## CERTIFICATION OF SERVICE TO INTERESTED PARTIES
*The Ad Hoc Coalition Of American SAP Producer v. United States*
Court No. 23-cv-00010

This is to certify that on February 17, 2023 I have caused a copy of the foregoing Summons, Information Statement, Corporate Disclosures, Notices of Appearance and BPI Certifications to be served upon the following parties via certified mail, return receipt requested, at the following addresses:

Kyle S. Beckich
**U.S. Department of Justice**
Commercial Litigation Branch - Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
kyle.beckrich@usdoj.gov

Rachel A. Bogdan
**U.S. Department of Commerce**
Office of Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW.
Washington, DC 20230-0001
rachel.bogdan@trade.gov

Jaehong David Park, Esq.
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
david.park@apks.com

Kristin H. Mowry, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
khm@mowrygrimson.com

Jarrod M. Goldfeder, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
jgoldfeder@tradepacificlaw.com

*/s/ Stephen J. Orava*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue,
NW Washington, DC 20006
(202) 737-0500