UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE THOMAS J. AQUILINO, JR., SENIOR JUDGE

|  |  |
|---|---|
| THE AD HOC COALITION OF AMERICAN SAP PRODUCERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant,<br><br>　　and<br><br>LG CHEM, LTD.,<br><br>　　　　　Defendant-Intervenor. | Court No. 23-cv-00010 |

**PLAINTIFF'S RESPONSIVE COMMENTS IN SUPPORT OF COMMERCE'S REMAND DETERMINATION**

Stephen J. Orava
Jamieson L. Greer
Daniel L. Schneiderman
Lucas A. Pires
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 304-8911

*Counsel to The Ad Hoc Coalition of American SAP Producers*

November 12, 2024

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT........................................................................................................................ 1

III. CONCLUSION.................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1384 (Fed. Cir. 2001) ................................................................................................................................3

**I.     INTRODUCTION**

On behalf of Plaintiff, The *Ad Hoc* Coalition of American SAP Producers ("Coalition"), we submit comments in support of the final remand results issued by the Department of Commerce ("Commerce"), Final Results of Redetermination Pursuant to the Court Remand, (Jun. 14, 2024) (CM/ECF Doc. No. 42-1) ("*Redetermination*"), and in opposition to the comments filed by Defendant-Intervenor LG Chem, Ltd. ("LGC"). *See* LGC's Comments in Opposition to Commerce's Remand Determination (Aug. 27, 2024) (CM/ECF Doc. No. 46) ("LGC's Comments"). The *Redetermination* is supported by substantial evidence and is in accordance with law, and it should be affirmed.

**II.    ARGUMENT**

The Coalition raises three points. First, all parties agree the model match hierarchy consisting of centrifugal retention capacity ("CRC") in 6 g/g increments is commercially significant, and this finding was supported by substantial evidence. Second, in contrast, this Court ruled that LGC's proposal of categorizing CRC in narrower 4g/g increments, and capturing permeability ("PERM") and absorbency under pressure ("AUP") characteristics, was *not* supported by substantial evidence. Finally, there was no need to address the distortion and potential manipulation posed by LGC's preferred methodology, consistent this Court's remand order. *The Ad Hoc Coalition of American SAP Producers v. United States*, Slip Op. 24-26 (Mar. 1, 2024) (CM/ECF Doc. No. 35) ("*Remand Order*")

Regarding the first point, Commerce reverted to using the original model match (employed in the preliminary determination) capturing only CRC in 6 g/g increments. *Redetermination* at 7. This decision is supported by substantial record evidence, including certified comments and product brochures, provided by the Petitioner, by Sumitomo Sika ("SSPK") (another Korean producer), and by LGC itself. *Id*. In particular, the cited supporting

1

evidence includes (1) petitioner's certified comments that CRC is "typically" measured using 6 g/g ranges, *see* Petitioner's Model Match Comments (Dec. 13, 2021) (P.R. 42) at 1; Petitioner's Model Match Rebuttal Comments (Dec. 23, 2021) (P.R. 49) at 6; and Petitioner's Pre-Preliminary Comments (May 11, 2022) (P.R. 139) at 1-3; (2) LGC's product brochure showing that CRC is simply described as "high capacity" or "low capacity," LGC's Initial Section A Questionnaire Response, (Jan. 19, 2022) (P.R. 77, 78), at Exhibit A-25; and (3) SSPK's statements that differences in CRC were broadly categorized into low, intermediate, and high capacity grades, SSPK's Rebuttal Comments on Model Match (Dec. 23, 2021) (P.R. 53) at 2-3. This represents substantial evidence supporting the model match used in the *Redetermination*.

LGC contends that such evidence was insufficient. LGC's Comments at 10-15. LGC is incorrect, and its argument is internally inconsistent. LGC is not suggesting that 6 g/g differences in CRC are not commercially significant and thus should not be captured in the model match. To the contrary, LGC's position is that "categorizing CRC by increments of 6 g/g is overly broad and would result in products with commercially significant differences falling into the same category." *Redetermination* at 7.

This leads to the Coalition's second point. In particular, LGC argues that CRC should be defined with more granularity, so that even smaller differences of 4 g/g increments would be reflected in the model match. *Id*. If LGC's position is that even small (4 g/g) differences in CRC are commercially significant, such that they should be reflected in the model match, LGC cannot reasonably contend, as a logical matter, that larger (6 g/g) differences in CRC are not commercially significant.

In reality, LGC is arguing that its proposed alternative proposed model match – based on CRC in 4 g/g increments, and also capturing permeability ("PERM") and absorbency under

2

pressure ("AUP") – would be preferable to a model match based solely on CRC in 6 g/g increments, because it would capture additional commercially significant characteristics. This Court, however, has found that the data and record materials cited by LGC as supposedly supporting its position "do not represent substantial evidence of the commercial significance of AUP, permeability, and 4 g/g CRC increments." *Remand Order* at 27. *See also id.* at 20-37 (evaluating the insufficiency of that evidence in detail). Commerce is now in agreement with the Court's analysis. On remand, Commerce considered all the evidence cited by LGC and explained in detail why it did not show commercially significant differences among products based on PERM, AUP, and CRC in 4 g/g increments. *Redetermination* at 10-14. Contrary to LGC's assertion, Commerce did not ignore any evidence. Given Commerce's analysis and its "considerable discretion" in selecting an appropriate model match, *Redetermination* at 7, citing *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1384 (Fed. Cir. 2001), there is no reason to remand the matter for further consideration.

Finally, LGC contends that a remand is nonetheless required, because Commerce failed to comply with this Court's instructions at pages 41-43 of the *Remand Order*. LGC's Comments at 21-22. In particular, the Court instructed Commerce to address the Coalition's argument that LGC's proposed alternative model match created "a significant risk of manipulation," because it would have enabled a respondent to report the identical product into different CONNUMs based on the "type of testing" the respondent elected to perform. *Remand Order* at 41-43. Because Commerce did not employ LGC's proposed alternative model match, however, there was no reason for Commerce to address this flaw -- just as there was no reason for Commerce to address the failure to conduct the required verification of the alternative model match. *See Remand Order* at 41. The "susceptibility to manipulation" and "lack of verification" flaws in LGC's

3

proposal would become relevant only if there were a second remand for Commerce to reconsider using the alternative model match. In this case, however, the *Redetermination* is supported by substantial evidence, and it should be affirmed.

### III.   CONCLUSION

For the reasons set forth above, the *Redetermination* should be affirmed.

                                            Respectfully Submitted,

                                            /s/ *Jamieson L. Greer*
                                            Stephen J. Orava
                                            Jamieson L. Greer
                                            Daniel L. Schneiderman
                                            Lucas A. Pires

                                            **KING & SPALDING LLP**

                                            *Counsel to The Ad Hoc Coalition of*
                                            *American SAP Producers*

November 12, 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to paragraph 2(B)(2) of the U.S. Court of International Trade's Standard Chamber Procedures, the undersigned certifies that this brief complies with the word count limitations set forth in the Court's scheduling order. Exclusive of the exempted portions, as provided in paragraph 2(B)(1), this brief includes 1,213 words. In preparing this certificate, the undersigned has relied upon the word count feature of the word-processing system used to prepare this submission.

/s/ *Jamieson Greer*
Jamieson L. Greer

**KING & SPALDING LLP**

*Counsel to The Ad Hoc Coalition of American SAP Producers*

November 12, 2024